UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-60795-CIV-MARTINEZ-BECERRA

SUNSHINE STATE REGIONAL
CENTER, INC.,

    Plaintiff,

vs.

UR M. JADDOU, DIRECTOR, UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    **THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a report and recommendation on Plaintiff Sunshine State Regional Center, Inc.'s Expedited Motion for Preliminary Injunction. (ECF No. 5, 12). This case concerns a statutory interpretation dispute over the 2022 EB-5 Reform and Integrity Act (the "RIA"). In brief, the RIA imposed significant reforms on the EB-5 visa program by, *inter alia*, requiring "regional center[s] designated under subparagraph (E)" of the RIA pay an annual fee of $20,000. *See* 8 U.S.C. § 1153(b)(5)(J)(iii). The annual fees are deposited into the EB-5 Integrity Fund, which is available for the Secretary of Homeland Security to expend on conducting investigations outside of the United States to monitor compliance with the RIA, detecting and investigating fraud or other crimes, ensuring compliance with immigrations laws, and conducting audits and site visits. *Id.*

    Plaintiff is a designated regional center, first designated by USCIS in 2014, before Congress enacted the RIA. (*See* R&R at 2). Plaintiff seeks to enjoin USCIS from imposing the $20,000 annual fee requirement on regional centers designated by USCIS before the RIA was enacted. (ECF No. 5). As the R&R aptly surmised, at the preliminary injunction stage, the narrow issue before this Court is whether Plaintiff can "show that it is likely to succeed on that argument, and if so, will it suffer irreparable harm if the Court does not grant an injunction excusing it from

paying the fee until the case at bar has concluded[.]" (R&R at 8).  The Court agrees with the R&R that the answer to this inquiry is "no."

This Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  The Court, having conducted a de novo review of the record and issues presented in both sets of Objections, agrees with Judge Becerra that (1) at this juncture and on the briefing provided, this Court is satisfied that it has subject matter jurisdiction; and (2) Plaintiff is not entitled to a preliminary injunction.  Accordingly, both sets of Objections, (ECF Nos. 28 & 30), are **OVERRULED**.

After careful consideration, it is hereby **ADJUDGED** that

1. United States Magistrate Judge Becerra's Report and Recommendation, (ECF No. 27), is **AFFIRMED AND ADOPTED**.

2. The Motion for Preliminary Injunction, (ECF No. 5), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of May, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copied provided to:
Magistrate Judge Becerra
All counsel of record